1997-NMCA-096

945 P.2d 1034

Daniel MARTINEZ, Greg Martinez, Paul Martinez, Irene Archuleta, Jerry Martinez, Gilbert Martinez, and Philip Martinez, Plaintiffs–Appellees, and Cross–Appellants,

v.

Severo MARTINEZ, Ruth Armijo, et al., Defendants–Appellants, and Cross–Appellees.

No. 17876.

Court of Appeals of New Mexico.

Aug. 12, 1997.

Narciso Garcia, Jr., Garcia Law Office, Albuquerque, for Appellees/Cross–Appellants.

Edward J. Apodaca, Sr., Edward J. Apodaca & Associates, Albuquerque, for Appellants/Cross–Appellees.

## OPINION

DONNELLY, Judge.

1. Plaintiffs and Defendants have each appealed from the trial court's final judgment in this quiet title action. Defendants' appeal asserts that the trial court erred in quieting title in Plaintiffs and denying Defendants' cross-claim seeking to quiet title to the disputed realty in themselves. Plaintiffs' cross-appeal argues that the trial court erred in denying (1) their motion for an award of sanctions and costs against Defendants, and (2) their request for expert witness fees. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL POSTURE

2. Plaintiffs (consisting of the children or grandchildren of Fernando Martinez, deceased) filed suit to quiet title to a 4.508–acre tract of land near the Village of Marquez in McKinley County, New Mexico. Defendant Severo Martinez is the brother of the decedent, Fernando Martinez. Defendant Ruth Armijo is the daughter of Severo, and Estefanita Martinez, now deceased, and claims an interest in the property. After Defendants were served with the complaint and summons, they filed an answer and cross-claim seeking to quiet title to the disputed property in themselves.

3. At trial, Defendant Severo Martinez (Severo) testified that he had bought the land in question from his brother Fernando Martinez (Fernando) in 1974 for the sum of $2500. Severo also testified that he had paid his brother in cash and, although he did not obtain a deed to the property, Fernando gave him a written and signed receipt confirming the purchase. The receipt, written in Spanish, stated that on September 20, 1974, Fernando sold the land to his brother, Severo. James Martinez (James), the son of Severo, also testified that he was present when his father tendered the money to Fernando and that he saw Fernando give the receipt to Severo. Defendants also sought to introduce into evidence at trial an assignment of a mineral lease from Fernando to Severo, assigning all right, title, and interest in a mineral lease to the disputed property, dated June 6, 1974. The trial court, however, denied the tender of the exhibit into evidence.

4. Plaintiffs challenged the validity of the receipt and presented the testimony of several witnesses who stated they were familiar with the signature of Fernando, and that the signature on the receipt was not that of the decedent. Additionally, Plaintiffs called Judith Housley, a handwriting expert, as a

witness. Ms. Housley testified that she had examined the receipt and compared it with known handwriting samples of the decedent, Fernando, and that, in her opinion, the receipt was a forgery and the date on the document had been altered.

5. The trial court adopted findings of fact and conclusions of law and entered a judgment declaring Plaintiffs to be the owners of the property in question. The trial court's findings, among other things, found that the receipt "relied on by the Defendants was a forgery and the forgery was caused by Severo Martinez, [the] brother of Fernando Martinez" and that "Defendants' claim of title fails as to their fee simple and adverse possession claims."

*DEFENDANTS' APPEAL*

■ 6. Defendants assert that the trial court erred in denying their claim to quiet title to the property in them. Specifically, Defendants argue that the trial court erred in finding that Severo forged the receipt evidencing the purported sale of the realty. They rely upon testimony of Severo and his son, James, who stated that they were personally present when Fernando sold the property to Severo, and that Fernando gave Severo the receipt confirming the sale of the property to Severo. Defendants also argue that both the conveyance of the mineral interest executed by Fernando, together with the receipt, constitute color of title to the property, and that because Defendants occupied the property openly, notoriously, and conspicuously, and paid taxes thereon for ten years or more, the trial court erred in failing to find that they established ownership in the tract by adverse possession.

7. In response to these arguments, Plaintiffs argue that the document purporting to convey the mineral rights to the subject property was never received into evidence. Additionally, Plaintiffs point out that the receipt relied upon by Defendants was determined by the trial court to have been a forgery, and the trial court specifically found that "the forgery was caused by Severo Martinez, [the] brother of Fernando Martinez." Defendants have not specifically challenged this finding in their briefs. *See Maloof v. San Juan County Valuation Protests Bd.,* 114 N.M. 755, 759, 845 P.2d 849, 853 (Ct.App. 1992) (absent proper attack on trial court's findings of fact or failure to set forth substance of all the evidence supportive of such findings, appellant is bound by such findings).

8. Our review of the record indicates that the testimony and evidence relating to the alleged conveyance of mineral rights to the property in question and the receipt purporting to evidence the sale of the land was vigorously contested by the Parties, despite Defendants' assertion that Plaintiffs "introduced no testimony whatsoever or affidavits or any evidence to the contrary." The document purporting to assign the mineral rights in the disputed property, as previously mentioned, was not received into evidence, and, although Defendants challenge the sufficiency of the evidence to support the trial court's decision that the receipt purporting to evidence a sale of the property was a forgery and point to evidence in their briefs supporting their claim that Fernando gave the receipt for the sale of the property to Severo in exchange for $2500, the record clearly contains substantial evidence supporting the claim of ownership by Plaintiffs to the property.

9. The record discloses that Plaintiffs presented the testimony of Phillip Martinez (decedent's son), Carolta Moya (decedent's daughter-in-law), and Paul Martinez (decedent's grandson). Each of these witnesses testified that they were familiar with the decedent's signature and the signature on the receipt was not the signature of the decedent. Additionally, Plaintiffs called Ms. Housley, a forensic document examiner with twenty-nine years of experience. Defendants stipulated to her qualifications as an expert. She testified that the signature on the alleged receipt was a forgery and that Severo was the person who signed the receipt.

10. In reviewing a party's claim of insufficiency of the evidence to uphold a trial court's decision quieting title against an appellant, a reviewing court reviews only evidence favorable to the findings of the court below. *See Lopez v. Adams,* 116 N.M. 757, 758, 867 P.2d 427, 428 (Ct.App.1993). On

appeal, we review the evidence in the record in a light most favorable to the party that prevailed below, indulge in all reasonable inferences in support of the trial court's decision, and disregard all evidence or testimony to the contrary. *See Camino Sin Pasada Neighborhood Ass'n v. Rockstroh,* 119 N.M. 212, 216, 889 P.2d 247, 251 (Ct.App.1994). Thus, the real issue to be resolved on appeal here is whether there is evidence to support the trial court's decision, not whether there is evidence which may have supported a different result. *See Abbinett v. Fox,* 103 N.M. 80, 86, 703 P.2d 177, 183 (Ct.App.1985). Because the instrument purporting to assign mineral rights to the subject property was not received into evidence and the receipt was found to be a forgery, the trial court could properly conclude that Defendants failed to meet their burden of proof to show either fee simple title in the property, adverse possession, or other ownership in the property.

11. Defendants also argue that the trial court erred in quieting title in Plaintiffs and refusing to find that Plaintiffs' claim, that the receipt evidencing the purchase of the property was a fraud, was barred by the statute of limitations. We disagree. In arguing this issue, Defendants have not pointed to any evidence indicating that the receipt was ever recorded. Moreover, Plaintiffs presented testimony that they first became aware of the existence of the receipt in 1994. Thus, the trial court could reasonably determine that the statute of limitations relied upon by Defendants did not begin to run until 1994. *See* NMSA 1978, § 37–1–7 (Repl. Pamp.1990) (cause of action for fraud or mistake is not "deemed to have accrued until the fraud [or] mistake ... complained of, shall have been discovered by the party aggrieved"); *see also* NMSA 1978, § 37–1–4 (Repl.Pamp.1990) (specifying four-year statute of limitations for fraud).

12. Defendants had the burden of proof to establish the validity of their claim of ownership in the disputed property. A party seeking to quiet title to realty must recover upon the strength of his or her own title and not on the claimed weakness of his adversary. *Board of County Comm'rs, Luna County v. Ogden,* 117 N.M. 181, 186, 870 P.2d

143, 148 (Ct.App.1994). Here, Defendants failed to meet the required burden of proof. On the other hand, the record shows that Plaintiffs are the surviving children or grandchildren of Fernando, deceased, and that title vested in them by intestate succession. *See* NMSA 1978, § 45–2–103 (Repl.Pamp.1995) (share of heirs other than surviving spouse.). Our review of the record reveals the existence of proper evidence to support the trial court's decision quieting title to the disputed property in Plaintiffs.

*THE CROSS–APPEAL*

13. Plaintiffs were awarded costs by the trial court in the sum of $252; however, the court denied Plaintiffs' motion for sanctions and award of attorney's fees against Defendants. The trial court also denied Plaintiffs' motion for allowance of expert witness fees for its handwriting expert, Ms. Housley.

14. The trial court's order denying Plaintiffs' motion for sanctions, attorney's fees, and costs contained findings reciting, inter alia, "2. [t]hat no substantial evidence exists justifying conduct on the part of Defendant Severo Martinez or his attorney herein for sanctions in this matter" and "3. [t]hat Plaintiffs' Motion for Sanctions herein should be denied." In a supplemental finding, the trial court modified its Finding No. 2, stating: "Finding [No.] 2 of the Order of September 19, 1996 should state 'that no substantial evidence exists justifying conduct on the part of Severo Martinez's attorney herein for sanctions in this matter.'"

15. Plaintiffs argue that Defendants' counterclaim seeking to quiet title in themselves was based upon the fraudulent claim of Defendants that Fernando sold the property to Severo. Plaintiffs assert that the trial court abused its discretion in refusing to impose sanctions against Defendants based upon the trial court's finding that the receipt "relied on by the Defendants was a forgery and the forgery was caused by Severo Martinez[.]" Plaintiffs also point out that the trial court adopted a conclusion of law that the receipt "relied on by the Defendant, Severo Martinez, is an intentional forgery and cannot convey title or create adverse possession."

16. In addition to the foregoing acts of Severo, Plaintiffs assert that the fraud sought to be perpetrated upon the court was compounded because, earlier in the proceedings, Defendants filed a motion for summary judgment which was supported by a sworn affidavit alleging that Defendants had color of title to the property based upon the receipt. Despite the trial court's finding and conclusion that the receipt was a forgery and that it was intentionally caused by Severo, the trial court refused to award expert witness fees to Plaintiffs for Ms. Housley, the handwriting expert relied upon by them to assist in proving the forgery.

17. On appeal, we review the trial court's order granting or denying an award of costs for abuse of discretion. *Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 94, 898 P.2d 709, 729 (1995); *Gallegos v. Southwest Community Health Servs.*, 117 N.M. 481, 489, 872 P.2d 899, 907 (Ct.App.1994).

18. The authority of the trial court to award or deny costs in civil proceedings is set forth in both a Supreme Court rule and several interrelated statutory provisions. *See* NMRA 1997, 1–054(E); NMSA 1978, § 39–3–30 (Repl.Pamp.1991); NMSA 1978, § 38–6–4 (Repl.Pamp.1987). Rule 1–054(E) provides:

> **Costs.** Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs; but costs against the state, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one (1) day's notice. On motion served within five (5) days thereafter, the action of the clerk may be reviewed by the court.

Section 39–3–30 supplements the provisions of Rule 1–054(E). The statute directs that "[i]n all civil actions or proceedings of any kind, *the party prevailing* shall recover his costs against the other party unless the court orders otherwise *for good cause shown*." (Emphasis added.) The prevailing party is the party who recovers a judgment or a defendant who avoids an adverse judgment.

*Dunleavy v. Miller*, 116 N.M. 353, 360, 862 P.2d 1212, 1219 (1993).

19. The legislature has also specifically provided in quiet title actions that "[i]f the defendant, or any of them, shall appear and disclaim all right and title adverse to the plaintiff, he shall recover his costs, and in all other cases the costs shall be in the discretion of the court." NMSA 1978, § 42–6–7. In addition to the above provisions, the legislature, by enactment of Section 38–6–4(B) has also provided that:

> The district judge in any civil case pending in the district court may order the payment of a reasonable fee, to be taxed as costs, in addition to ... per diem and mileage ... for any witness who qualifies as an expert and who testifies in the cause in person or by deposition. The additional compensation shall include a reasonable fee to compensate the witness for the time required in preparation or investigation prior to the giving of the witness's testimony.

20. While it is clear that the trial court is invested with wide discretion in determining whether to award costs, including expert witness fees, such discretion is not unlimited. *See Gonzales v. Surgidev Corp.*, 120 N.M. 151, 157, 899 P.2d 594, 600 (1995) (abuse of discretion occurs if court's decision is contrary to logic or reason, or clearly unable to be defended); *Alverson v. Harris*, 123 N.M. 153, 158, 935 P.2d 1165, 1170 (Ct. App.1996) (court is deemed to have abused discretion when ruling is clearly against logic and effect of facts and circumstances before the court); *see also Marchman*, 120 N.M. at 94, 898 P.2d at 729 (recognizing presumption under Rule 1–054(E) that prevailing party is entitled to award of costs). The presumption that a prevailing party is entitled to an award of costs may be overcome, however, by a showing of misconduct, bad faith, or abusive tactics. *Gallegos*, 117 N.M. at 490, 872 P.2d at 908. Additionally, the trial court, upon a showing of equitable grounds, may restrict, apportion, or disallow costs in civil actions. *Id.* If, however, the trial court in the exercise of its discretion does not award costs to the prevailing party, it should specify the reasons for its denial unless the basis for

denying costs is clear from the record. *Marchman,* 120 N.M. at 94–95, 898 P.2d at 729–30; *see also Alverson,* 123 N.M. at 158, 935 P.2d at 1170 (if the record discloses reasons both supporting and detracting from trial court's decision, there is no abuse of discretion).

■ 21. We believe that the circumstances of this case are such that the basis for denial of costs is not clear from the record, and thus under *Marchman,* 120 N.M. at 94–95, 898 P.2d at 729–30, and Section 39-3-30, the trial court was required to state in the record the good cause that would support a denial of costs. Those circumstances are that the trial court expressly determined that Severo had submitted a fraudulent claim to the court and the fraud was established or substantiated by the testimony of an expert witness whom the trial court believed.

■ 22. Although no rule or statute authorizes an award of attorney's fees in quiet title actions, *Gurule v. Ault,* 103 N.M. 17, 19, 702 P.2d 7, 9 (Ct.App.1985), here, Plaintiffs premised their request for an award of attorney's fees on the basis that they were required to defend against Defendants' claim, which the trial court expressly determined to have been grounded, in part, on a forged document, "caused by [Defendant] Severo Martinez[.]"

23. In *State ex rel., New Mexico State Highway & Transportation Department v. Baca,* 120 N.M. 1, 4, 896 P.2d 1148, 1151 (1995), our Supreme Court recognized that both trial and appellate courts have inherent power to impose sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous claims. Although the district court's authority to impose sanctions does not extend to pre-litigation conduct, *id.* at 7, 896 P.2d at 1154, under its inherent power, the court may in appropriate cases impose attorney's fees as sanctions for bad faith, vexatious litigation, or acts in defiance of a court order, where such acts arise out of post-litigation conduct. *Id.* at 5, 896 P.2d at 1152.

24. In *Gonzales* our Supreme Court held that a court may impose sanctions where there has been a finding of fraud on the court or an abuse of the discovery process. In such cases, sanctions may be appropriate where the acts are found to have affected "the integrity of the court and, [if] left unchecked, would encourage future abuses." 120 N.M. at 157, 899 P.2d at 600; *see also Rivera v. Brazos Lodge Corp.,* 111 N.M. 670, 674, 808 P.2d 955, 959 (1991) (recognizing propriety of award of attorney's fees as sanction for violation of SCRA 1986, 1–011 (Supp. 1991)).

■ 25. Where a claim has been presented to the court based in part upon a forged document, which the court has expressly found to have been forged and created by one of the parties, and proof of such forgery is based in part upon the testimony of an expert witness, it is an abuse of discretion to deny an award of an expert witness fee absent a specific finding or a clear showing in the record indicating the basis for the denial of such award. Our review of the record fails to disclose the reason for the trial court's denial of the award of the expert witness fees and the denial of the award of sanctions against Severo, the person found to be responsible for the forgery. Thus, we remand to the trial court for consideration of Plaintiffs' request for the award of a reasonable expert witness fee and sanctions against Severo. If the trial court, in the exercise of its discretion, determines the expert witness fee or sanctions should be denied, the trial court should adopt additional findings of fact and conclusions of law setting forth the basis for its denial of Plaintiffs' requested relief.

*CONCLUSION*

26. The judgment quieting title to the subject property in Plaintiffs is affirmed. The order denying an award of reasonable costs for Plaintiffs' expert witness and for imposition of sanctions against Severo is reversed and remanded for further proceedings consistent with this opinion.

27. IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.