1997-NMCA-122

951 P.2d 76

**Peter MARSHALL, Plaintiff–Appellant and Cross–Appellee,**

v.

**PROVIDENCE WASHINGTON INSURANCE COMPANY, Providence Lloyds Insurance Company, and Western Alliance Insurance Company, Defendants–Appellees and Cross–Appellants.**

No. 18005.

Court of Appeals of New Mexico.

Nov. 5, 1997.

Charles W. Durrett, Lisa K. Durrett, Charles W. Durrett, P.C., Alamogordo, for Appellant and Cross–Appellee.

Matthew P. Holt, Connie R. Martin, Sager, Curran, Sturges & Tepper, P.C., Las Cruces, for Appellees and Cross–Appellants.

*OPINION*

DONNELLY, Judge.

1. This appeal and cross-appeal arise out of Plaintiff Peter Marshall's suit against Providence Washington Insurance Company, Providence Lloyds Insurance Company, and Western Alliance Insurance Company (Defendants) seeking a declaratory judgment determining that he was an insured under a policy or policies of insurance issued by Defendants, and seeking damages against Defendants for breach of contract and bad faith for their failure to defend against a suit brought by Arturo Gutierrez, who was injured by Plaintiff's car.

2. Plaintiff's appeal raises three issues: (1) whether the trial court erred in granting summary judgment for Defendants and determining they were not liable as a matter of law in failing to provide a defense to Plaintiff; (2) whether the trial court erred as a matter of law in failing to determine that Plaintiff was covered under the policies of insurance because of an alleged "repugnancy of clauses" in the policies, and (3) whether the trial court abused its discretion in awarding Plaintiff only sanctions for costs against Defendants and not entering a default judgment against Defendants. Defendants' cross-appeal argues that (1) the trial court erred in awarding costs against Defendants or, in the alternative, that (2) the amount of the award of sanctions was improper.

3. We affirm the trial court's order granting summary judgment for Defendants; we

reverse the trial court's supplemental order imposing costs against Defendants, and remand for further proceedings involving the assessment of costs.

*FACTS*

4. Plaintiff, while employed by Kerr Distributing Inc. (Kerr), and driving his own automobile, struck and injured Mr. Gutierrez, a road worker, in Otero County, New Mexico on May 27, 1986. Mr. Gutierrez and his employer's workers' compensation carrier, Travelers Insurance Company, sued Plaintiff. The vehicle operated by Plaintiff at the time of the accident was registered in his name and was insured under an insurance policy issued by Progressive Insurance Company (Progressive). Plaintiff and his insurance carrier settled the claims of Mr. Gutierrez and of the workers' compensation carrier for $918,500. Under the court-approved settlement, Progressive paid its policy limits and Plaintiff assigned any and all rights that he might have against "any other entity or insurance company which may be liable or may have had coverage for the incident."

5. Thereafter, on September 29, 1994, Mr. Gutierrez brought suit in Plaintiff's name against each of the Defendants, alleging that they were all one and the same insurance company, that they were the liability insurance carriers for Kerr at the time of Plaintiff's accident, and that Plaintiff was an "omnibus insured" of Defendants. The complaint further alleged that demand had been made upon Defendants to provide a defense in the suit arising from Plaintiff's accident and that Defendants had failed and refused to provide such defense.

6. Initially, only Defendant Providence Washington Insurance Company (Providence Washington) answered Plaintiff's complaint, denying that it had issued any policy to Kerr or that it was liable in any respect to Plaintiff, and further stating that because of the time that had passed it might not be possible to obtain a complete copy of the policy or policies issued to Kerr. Nearly seven months later, responding to summonses, Defendants Providence Lloyds Insurance Company (Providence Lloyds) and Western Alliance Insurance Company (Western Alliance) filed answers to Plaintiff's complaint. These answers were virtually identical to the answer filed by Providence Washington. Providence Lloyds and Western Alliance moved to dismiss Plaintiff's suit for lack of personal jurisdiction, asserting that neither had conducted, transacted, or solicited business in New Mexico.

7. The hearing on Providence Washington's motion for summary judgment was vacated to allow completion of discovery. On April 17, 1995, Plaintiff made a request to Providence Washington for production of any policy or policies which "insured, referred to, or named" Kerr, and Providence Washington responded that it had been unable to locate a complete copy of any such policy but that it was attempting to re-create the policy through existing records and would provide a copy to Plaintiff as soon as possible. On November 6, 1995, after protracted discovery, Plaintiff moved for default judgment as a sanction for Defendants' bad faith in "deliberately concealing evidence, . . . filing a false affidavit[,] . . . authorizing and permitting employees to testify falsely, and for committing direct perjury."

8. Following a hearing on January 3, 1996, the trial court denied Plaintiff's motion for default judgment, took Plaintiff's motion for sanctions under advisement, and ordered Defendants to file a re-created insurance policy within thirty days. The trial court also denied Providence Washington's pending motion for summary judgment as well as Providence Lloyds' and Western Alliance's motion to dismiss, with leave for each of the Defendants to supplement their motions with a re-created policy.

9. Defendants obtained one extension, until February 9, 1996, to produce any re-created policies. On April 8, 1996, Defendants turned over to Plaintiff two re-created policies, both issued by Western Alliance. One of the policies was a general liability automobile policy and the other was a commercial liability umbrella policy.

10. Both Plaintiff and Defendants moved for summary judgment as a matter of law. The trial court denied Plaintiff's motion and granted summary judgment for Defendants,

relying on the policy language defining "Persons Insured" as not including "the owner ... of a hired automobile." The trial court also entered a supplemental order regarding Plaintiff's earlier motion for sanctions, finding that "the Court has inherent authority to impose sanctions under the facts of this case" and ordering Defendants to pay $6,944.57 in costs to Plaintiff's counsel as an appropriate measure of those sanctions.

## DISCUSSION

11. Plaintiff argues that the trial court erred as a matter of law in granting Defendants' motion for summary judgment and in denying his motion for summary judgment. In reviewing an appeal from an order granting or denying summary judgment, an appellate court considers only the undisputed facts and determines whether under those facts summary judgment was proper as a matter of law. *See Silva v. Town of Springer*, 1996 NMCA 022, ¶ 17, 121 N.M. 428, 912 P.2d 304; *Glenborough Corp. v. Sherman & Howard*, 1996 NMCA 005, ¶ 9, 121 N.M. 253, 910 P.2d 329 (decided in 1995).

### Failure to Defend

12. Plaintiff asserts that Defendants breached their contracts of insurance by their failure to defend the suit by Mr. Gutierrez against Plaintiff. Relying upon *American Employers' Insurance Co. v. Continental Casualty Co.*, 85 N.M. 346, 512 P.2d 674 (1973), and *Lujan v. Gonzales*, 84 N.M. 229, 501 P.2d 673 (Ct.App.1972), Plaintiff emphasizes that the obligation of an insurance company to defend is independent of its obligation to pay. Plaintiff points out that an insurance company is obligated to defend when the injured party alleges facts which would give rise to coverage under the policy, regardless of the ultimate liability of the insurer. *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619, 642 P.2d 604, 605 (1982); *State Farm Fire & Cas. Co. v. Price*, 101 N.M. 438, 442, 684 P.2d 524, 528 (Ct.App.1984), *overruled on other grounds by Ellingwood v. N.N. Investors Life Ins. Co.*, 111 N.M. 301, 805 P.2d 70 (1991); *see also Lopez v. New Mexico Pub. Sch. Ins. Auth.*, 117 N.M. 207, 209, 870 P.2d 745, 747 (1994) (duty of insurer to defend is determined by comparing factual allegations in complaint with provisions of insurance policy); *American Gen. Fire & Cas. Co. v. Progressive Cas. Co.*, 110 N.M. 741, 744, 799 P.2d 1113, 1116 (1990) (duty of insurer to defend is determined from allegations of the complaint or from known but unpleaded factual basis of the claim that arguably brings it within the scope of coverage); *American Employers' Ins. Co.*, 85 N.M. at 348, 512 P.2d at 676 (insurer has a duty to defend a complaint where the allegations of the complaint tend to show that the accident or occurrence comes within the coverage of the policy).

13. Conversely, Plaintiff acknowledges that where allegations are completely outside policy coverage, the insurer may justifiably refuse to defend. *Price*, 101 N.M. at 442, 684 P.2d at 528; *see Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo*, 114 N.M. 695, 697–99, 845 P.2d 789, 791–93 (1992) (if allegations of complaint clearly fall outside provisions of the policy, neither defense nor indemnity is required); *Guaranty Nat'l Ins. Co. v. C de Baca*, 120 N.M. 806, 810–11, 907 P.2d 210, 214–15 (Ct.App.1995) (same). Where there is no potential for coverage under a contract of insurance, there is no duty to defend. *See State Farm Fire & Cas. Co. v. Geary*, 699 F.Supp. 756, 760 (N.D.Cal.1987). "[A]ny doubt about whether the allegations are within policy coverage is resolved in the insured's favor." *Price*, 101 N.M. at 442, 684 P.2d at 528.

14. The trial court concluded, and we agree, that the policies in question do not extend coverage to Plaintiff. The complaint filed by Mr. Gutierrez against Plaintiff did not allege a claim against Kerr, nor did it allege that Plaintiff was an employee of Kerr acting within the scope of his employment at the time of the accident. Although demand letters written by Plaintiff's attorneys to Western Alliance did assert that Plaintiff struck Mr. Gutierrez while he was employed by Kerr, neither the demand letters nor the complaint indicated that Kerr owned or leased or was otherwise in any way responsible for the automobile Plaintiff was driving at the time of the accident. Our reasons for not finding coverage are explained in the following section of this opinion.

15. Plaintiff argues that an insurance company has a duty to defend until a court finds it is relieved of liability under a non-coverage provision of a policy, citing *Mullenix*, 97 N.M. 618, 642 P.2d 604, and that the question of coverage is a legal question to be decided by a court, not unilaterally by an insurer, citing *Servants of the Paraclete, Inc. v. Great American Insurance Co.*, 857 F.Supp. 822, 832 (D.N.M.1994). In both *Mullenix* and *Servants of the Paraclete*, however, the complaints involved therein stated facts indicating that the claims were within the coverage of the respective policies, whereas, here, Plaintiff's complaint did not.

### Claim of Repugnancy

■ 16. Plaintiff next argues that the exclusion of coverage for the owner of a hired automobile is repugnant to the other provisions of the policy and that, therefore, the policy should be read as though the exclusion did not exist.

17. The relevant section of the policy governing this provision stated:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage C. bodily injury . . .

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use . . . of any automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury . . . even if any of the allegations of the suit are groundless, false or fraudulent. . . .

18. The policy also stated under the heading "PERSONS INSURED":

c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation . . . is within the scope of such permission. . . .

19. The policy provided the following exclusion:

None of the following is an insured:

(ii) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee;

and defined the term "hired automobile" to mean:

an automobile not owned by the named insured which is used under contract in behalf of . . . the named insured, *provided such automobile is not owned by . . . an employee or agent of the named insured* who is granted an operating allowance of any sort for the use of such automobile[.] [Emphasis added.]

■ 20. Plaintiff is correct that, under New Mexico law, a policy exclusion is repugnant to the insuring clause when, rather than setting out a specific exception to a broad grant of coverage, the exclusionary clause simply nullifies the grant. *Federal Ins. Co. v. Century Fed. Sav. & Loan Ass'n*, 113 N.M. 162, 169, 824 P.2d 302, 309 (1992); *see also Allstate Ins. Co. v. Stone*, 116 N.M. 464, 467, 863 P.2d 1085, 1088 (1993); *Western Heritage Ins. Co. v. Chava Trucking, Inc.*, 991 F.2d 651, 655–56 (10th Cir.1993). Where there is a repugnancy of provisions, the court will not enforce a clause that deprives an insured of coverage which the insured may reasonably have believed was afforded under the policy. *Stone*, 116 N.M. at 467, 863 P.2d at 1088; *Federal Ins. Co.*, 113 N.M. at 168–69, 824 P.2d at 308–09; *see also Barth v. Coleman*, 118 N.M. 1, 5, 878 P.2d 319, 323 (1994). However, only in " 'extreme situations' " will a policy provision be stricken or disregarded for reasons of repugnancy. *Federal Ins. Co.*, 113 N.M. at 166, 824 P.2d at 306.

21. The circumstances here do not show the existence of language creating a repugnancy between the coverage provision relating to hired automobiles and the exclusion of owners of hired automobiles. The exclusion does not "simply nullif[y]" the grant of coverage for hired automobiles, as was the case in *Federal Insurance Co.*, 113 N.M. at 169, 824 P.2d at 309. Rather, meaningful coverage remains. For example, if Kerr were to rent a vehicle from an automobile rental company or lease a vehicle from a car dealership,

coverage would extend to any of Kerr's employees while using those hired automobiles. Neither the automobile rental company nor the car dealership, however, would be covered, just as Plaintiff is not covered as the owner of the vehicle in this case. Given the language of the policy, neither Plaintiff nor Kerr could have reasonably believed or expected that Plaintiff would be covered.

22. Provisions relating to "hired automobiles" are standard provisions in automobile liability insurance policies. *See Providence Wash. Ins. Co. v. Alaska Pac. Assur. Co.*, 603 P.2d 899, 901 (Alaska 1979). Under such provisions, the owner of a "hired automobile" is generally excluded from coverage as an insured because such owner normally is expected to carry his or her own insurance on the vehicle. *See* M.O. Regensteiner, Annotation, *Effect of Provision of Liability Policy Covering Hired Automobiles but Excluding from Definition of "Insured" the Owner of Such Vehicle or His Employee*, 32 A.L.R.2d 572, 573 (1953). Insurance policies are contracts between an insurer and an insured, and are to be enforced according to the law of contracts. *See Jaramillo v. Providence Wash. Ins. Co.*, 117 N.M. 337, 340, 871 P.2d 1343, 1346 (1994). Insurance policies will be enforced as written unless there is ambiguity in the policy language. *See New Mexico Physicians Mut. Liab. Co. v. LaMure*, 116 N.M. 92, 95, 860 P.2d 734, 737 (1993). Here, we find no ambiguity in the exclusion for owners of hired automobiles.

23. Plaintiff suggests that there is a repugnancy arising from the fact that the language of the policy would make it almost impossible for an employee-owner of an automobile to be covered. He notes that the meaning of "hired automobile" under the policy is "an automobile not owned by the named insured which is used under contract on behalf of . . . the named insured, provided such automobile is not owned by . . . an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile." He then notes that an owner-employee who is not granted an operating allowance would be excluded by the language of the policy stating that "the owner . . . of a hired automobile" is

not an insured. Nothing precludes an insurer from excluding employee-owners from the policy, so long as the policy does not mislead the policyholder into thinking otherwise. The policy does not do so. In the definition of "hired automobile," the provision that excludes employees granted an operating allowance serves the purpose of making clear that an automobile used by an employee for work does not become a "hired automobile" simply because the employee is granted an operating allowance. *See Fratis v. Fireman's Fund Am. Ins. Cos.*, 56 Cal.App.3d 339, 128 Cal.Rptr. 391, 393–94 (1976) (automobile owned by employee who receives operating allowance is a "hired automobile" within meaning of policy); *see generally* David B. Harrison, Annotation, *When is Automobile "Used Under Contract in Behalf of, or Loaned to," Insured, Within Meaning of "Hired Automobile" Provision of Automobile Insurance Policy*, 5 A.L.R.4th 636 (1981). The language of the policy does not suggest that an employee-owner who does not receive an operating allowance is an insured under the policy. Thus, even if we were to assume, arguendo, Plaintiff's assertion that his vehicle was a "hired automobile," the policy language providing that the owner of a "hired automobile" is not an insured under the policy is not repugnant to other language of the policy and thus does not undermine any reasonable expectation of Kerr or Plaintiff.

24. Because we perceive no ambiguity or repugnancy in the language of the policy, we affirm the trial court's grant of summary judgment concluding that Plaintiff was not an insured in this case.

*Sanctions*

25. Both Plaintiff and Defendants challenge, on appeal, the trial court's order awarding costs against Defendants. Because the claims of the Parties concerning the award of costs are interrelated, we jointly consider and discuss their arguments.

26. Plaintiff asserts that the trial court abused its discretion in ruling on his motion for sanctions by only imposing costs against Defendants, instead of imposing a default judgment against them. Plaintiff contends that the evidence indicates that Defendants

willfully and in bad faith thwarted the discovery process with confusing, misleading, and false testimony.

27. In contrast to Plaintiff's assertions, Defendants argue that the trial court erred in imposing costs against them because the trial court granted their motions for summary judgment dismissing Plaintiff's claims; hence, Defendants were themselves entitled to an award of costs. Alternatively, Defendants argue that, even if their responses to Plaintiff's requests for discovery could be deemed misleading or confusing, the amount of the award of costs imposed by the trial court was improper.

28. We review appeals involving the granting or denial of an award of costs for abuse of discretion. *See Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 94, 898 P.2d 709, 729 (1995); *Martinez v. Martinez*, 1997 NMCA 096, ¶ 17, 123 N.M. 816, 945 P.2d 1034. Abuse of discretion is found when the court's ruling is contrary to logic or reason. *See Gonzales v. Surgidev Corp.*, 120 N.M. 151, 157, 899 P.2d 594, 600 (1995).

■ 29. Plaintiff has failed to demonstrate that the trial court abused its discretion in awarding costs instead of imposing a default judgment against Defendants. As Plaintiff recognizes, in most instances where abuse of discretion is claimed regarding sanctions, it is alleged that the trial court *exceeded* its authority, not that it failed to impose the most severe sanction available. Imposition of a sanction dismissing a party's claim or defense should be imposed only in extreme circumstances. *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 239, 629 P.2d 231, 315 (1980). We are also cognizant of the principle that, regarding sanctions, the court should determine that no lesser sanction " 'would truly be appropriate.' " *Id.* at 239, 629 P.2d at 315 (citation omitted).

30. Defendants point out that because the trial court found that Plaintiff was not an insured party or entitled to coverage under any policy of insurance issued to Kerr, they were the prevailing parties. Citing *In re Adoption of Stailey*, 117 N.M. 199, 204, 870 P.2d 161, 166 (Ct.App.1994), they note that a presumption exists that a prevailing party is normally entitled to costs as a matter of course, and liability for costs is a normal incident of defeat. *See also Marchman*, 120 N.M. at 94, 898 P.2d at 729.

■ 31. This presumption, however, is not conclusive. As observed in *Martinez*, 1997 NMCA 096, ¶ 20, 123 N.M. 816, 945 P.2d 1034:

> The presumption that a prevailing party is entitled to an award of costs may be overcome ... by a showing of misconduct, bad faith, or abusive tactics. *Gallegos [v. Southwest Community Health Servs.*, 117 N.M. 481, 490, 872 P.2d 899, 908 (Ct.App. 1994).] Additionally, the trial court, upon a showing of equitable grounds, may restrict, apportion, or disallow costs in civil actions. *Id.* If, however, the trial court in the exercise of its discretion does not award costs to the prevailing party, it should specify the reasons for its denial unless the basis for denying costs is clear from the record. *Marchman*, 120 N.M. at 94–95, 898 P.2d at 729–30; *see also Alverson [v. Harris*, 1997 NMCA 024, ¶ 25, 123 N.M. 153, 935 P.2d 1165] (if the record discloses reasons both supporting and detracting from trial court's decision, there is no abuse of discretion).

32. The trial court's supplemental order imposing costs against Defendants did not specify the basis for such award. Instead, the trial court noted in its order that it possessed the inherent authority to impose sanctions, and directed that Defendants pay Plaintiff's counsel the sum of $6,944.57.[1]

---

1. The supplemental order stated:

    This matter having come before the Court upon plaintiff's motion for default judgment and for sanctions, and the Court having considered the motion, and the defendants' response thereto, and having heard argument of counsel finds that the Court has inherent authority to impose sanctions under the facts of this case, and that an appropriate measure of those sanctions is the sum of $6,944.57, and defendant is hereby ordered to pay to plaintiff's counsel the sum of $6,944.57.

    The Court further finds that viewing the circumstances as a whole, the conduct for which the Court is imposing sanctions is sufficiently overlapping among all three defendants, that all three defendants shall be jointly and severally liable for said sum.

33. Defendants argue that they did not disobey any order of the trial court regarding the production of evidence or discovery. They point out that when the trial court ordered them to re-create the insurance policy or policies held by Kerr, they complied with this request. They indicate that any delay on their part in obtaining information concerning the policies and ascertaining which company issued the policies in question was due to the fact that the insurers' records had been destroyed. In sum, Defendants contend that there was no evidence of any willful misconduct on their part in complying with Plaintiff's requests for discovery and that the trial court did not make any finding of willfulness on their part. *See Medina v. Foundation Reserve Ins. Co.*, 117 N.M. 163, 166, 870 P.2d 125, 128 (1994) (imposition of sanction for violation of discovery order held proper when failure to comply is due to willfulness, bad faith or fault of the disobedient party). Defendants assert that absent a finding clearly indicating misconduct or willfulness on their part, it is an abuse of discretion to award costs against them as the prevailing parties. We stated in *Martinez* that if the trial court decides not to award costs to the prevailing party, it must specify the reasons for its denial unless the basis for denial is clear from the record. 1997 NMCA 096, ¶ 20, 123 N.M. 816, 945 P.2d 1034. *See Allred v. Board of Regents of Univ. of N.M.*, 1997 NMCA 070, ¶ 28, 123 N.M. 545, 943 P.2d 579 (a default or dismissal for failure to comply with discovery orders requires "(1) a clear showing of willfulness, bad faith, or other fault in the record; or (2) when the record is unclear, more explicit findings by the trial court (indicating that the court indeed found willfulness, bad faith, or other fault) that are then supported by substantial evidence in the record.").

34. Rule 1–037(D)(3), NMRA 1997 provides that the court may award "the reasonable expenses ... caused by the failure [to provide discovery responses]." Both Plaintiff and Defendants submitted findings of fact and conclusions of law concerning Plaintiff's motion for imposition of sanctions. No findings of fact or conclusions of law were adopted by the court.

35. Under these circumstances, the record fails to reflect the basis for the trial court's award of sanctions. Although Plaintiff cites evidence indicating that officers of Defendants' companies gave confusing and inaccurate responses to questions posed to them during discovery, and the discovery schedule set by the trial court in its pretrial order had to be extended because of delays in recreating the policies in question, the trial court did not find Defendants' conduct to be willful, unreasonable, or in bad faith. Moreover, the record does not clearly establish willfulness, bad faith, or other fault indicating the basis for the trial court's award of costs against Defendants and the reason for deviating from the general rule that the prevailing parties are entitled to an award of costs. Under these circumstances, we deem it necessary to remand for entry of specific findings of fact and conclusions of law detailing the basis for the court's award of costs.

*CONCLUSION*

36. The order granting summary judgment dismissing Plaintiff's claims against Defendants is affirmed. The supplemental order imposing costs against Defendants is reversed and the cause is remanded to the trial court for entry of an amended order and the adoption of findings of fact and conclusions of law detailing the basis and rationale for any award of costs.

37. IT IS SO ORDERED.

HARTZ, C.J., and WECHSLER, J., concur.