This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**O'BRIEN & ASSOCIATES, INC.,**
**a New Mexico Corporation,**

Petitioner-Appellee,

v.                                                          NO. 32,080

**CARL KELLEY CONSTRUCTION, INC.,**
**LTD., a New Mexico Limited Liability Company;**
**J.D. BEHLES & ASSOCIATES, P.C., a New**
**Mexico Professional Corporation; RON MILLER,**
**CPA, a New Mexico Professional Corporation;**
**LUBBOCK NATIONAL BANK, a Texas Banking**
**Corporation; and STEPHANIE O'BRIEN,**

Respondents-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Edmund H. Kase, III, District Judge**

Behles Law Firm
Jennie D. Behles
Albuquerque, NM

for Appellants Ron Miller and Behles Law Firm

John Robert Beauvais
Ruidoso, NM

for Appellant Carl Kelley Construction

Atkinson, Thal & Baker PC
Douglas A. Baker
Albuquerque, NM

H. John Underwood
Ruidoso, NM

for Appellee

# MEMORANDUM OPINION

**CASTILLO, Chief Judge.**

Defendants-Appellants Behles Law Firm and Ron Miller, CPA (Appellants) appeal from the district court's ruling that Appellants are jointly and severally liable with a third defendant, Cark Kelley Construction Ltd. Co. (CKC) for costs in the amount of $7,380.43. [RP Vol.II/6747, 6749] Our notice proposed to affirm and Appellants filed a memorandum in opposition, as well as a request and an "amended request for completion of or supplement to items to be included in record on appeal." We grant Appellants' amended request to supplement the record on appeal. However, we remain unpersuaded by Appellants' arguments and therefore affirm.

In issue (1), Appellants continue to argue that they were not "proper parties"

for purposes of a costs award. [DS 12; MIO 9-15] We understand Appellants to continue to argue that Appellant Behles Law Firm, P.C. was not a proper defendant because, while J.D. Behles & Associates claimed a lien on the property, it is now a defunct and separate entity from the Behles Law Firm. [DS 12; MIO 11-12] As we provided in our notice, the Behles Law Firm repeatedly and consistently identified itself in pleadings throughout the underlying lawsuit as the proper defendant. [RP Vol.I/6409-11, 6579] In addition, the documents by which Appellants in part claimed an interest in the property—a security agreement and transcript of judgment—were in the name of the Behles Law Firm. [RP Vol.I/6409] Because Appellant Behles Law Firm represented itself as an interchangeable entity with J.D. Behles & Associates and identified itself as a party throughout the lawsuit, we conclude that the district court appropriately treated it as a party, along with Appellant Miller and CKC, in its costs award.

In conjunction with their argument contesting the Behles Law Firm as a proper party, we additionally understand Appellants to continue to dispute that Plaintiff-Appellee O'Brien & Associates (O'Brien) was the prevailing party for purposes of a costs award. In this regard, Appellants maintain that O'Brien was actually a defendant in light of Appellants' claims or liens against the property and that O'Brien's status as a defendant thereby precluded him from being a prevailing party for purposes of

a costs award. [MIO 11] We disagree. In *O'Brien & Associates, Inc. v. Behles Law Firm and Ron Miller* (*O'Brien I*), Ct. App. No. 30,724 (filed 7-12-12), we affirmed the district court's ruling that Appellants did not have an enforceable interest in Appellee O'Brien's property. In doing so, we recognized that "[t]his case began life as an effort by O'Brien to cancel liens on a certain parcel of real property so that it could be sold." *Id.* ¶ 1. Because O'Brien was successful in removing any clouds on the property, it is appropriate to characterize O'Brien as the prevailing party for a costs award. *See generally Key v. Chrysler Motors Corp.*, 2000-NMSC-010, ¶ 6, 128 N.M. 739, 998 P.2d 575 (recognizing the presumption that the prevailing party is entitled to costs); *Martinez v. Martinez*, 1997-NMCA-096, ¶¶ 20-22, 123 N.M. 816, 945 P.2d 1034 (recognizing that the party who quiets title in its favor may be entitled to costs); *see also* NMSA 1978, § 39-3-30 (1966), and Rule 1-054(D) NMRA (addressing the authority of the district court to award costs in civil proceedings). And while the presumption that a prevailing party is entitled to an award of costs may be overcome by a showing of misconduct, bad faith, or abusive tactics, *see Gallegos v. Southwest Cmty. Health Servs.*, 117 N.M. 481, 490, 872 P.2d 899, 908 (Ct. App. 1994), no such showing was made in this case. We lastly recognize that the facts in the present case are not the same as those in *Key*, *Martinez*, and *Gallegos*. [MIO 12-15] Our reference to these cases, however, is not for purposes of comparing the

particular circumstances of each case to the present case, but instead for the basic principle addressed in these cases—that the prevailing party is entitled to costs absent a showing of misconduct, bad faith, or abusive tactics. Based on the foregoing discussion, we conclude that the district court appropriately ruled that Appellants must pay costs to the prevailing party, O'Brien.

In issue (2), Appellants continue argue that they should not be held jointly and severally liable for costs with CKC because O'Brien did not pursue joint claims against them below given their separate liens on the property that arose from separate matters. [DS 2, 7-10, 13; MIO 16-20] We review the district court's assessment of costs under an abuse of discretion standard. *See Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 103, 134 N.M. 77, 73 P.3d 215; *see also* NMSA 1978, § 42-6-7 (1915) (providing that in costs for a quiet title action, "[i]f the defendant, or any of them, shall appear and disclaim all right and title adverse to the plaintiff, he shall recover his costs, *and in all other cases the costs shall be in the discretion of the court.*" (emphasis added)).

In light of the separate liens, the district court did not assess joint and several damages against the defendants. [MIO 18] *See generally Bartlett v. N.M. Welding Supply, Inc.*, 98 N.M. 152, 154-59, 646 P.2d 579, 581-86 (Ct. App. 1982) (setting forth the general rule that each tortfeasor is severally responsible for its own

percentage of comparative fault for that injury), *superseded in part on other grounds by* NMSA 1978, § 41-3A-1 (1987). With respect to costs, however, Appellants have not dissuaded us of our agreement with the district court that the circumstances are such that the joint and several imposition of costs is a fair and equitable apportionment of costs between CKC and Appellants Miller and Behles Law Firm. Throughout the litigation, Appellants Miller and the Behles Law Firm acted as one and were represented by a single counsel. [RP Vol.I/6414] To the extent Appellants, and particularly Appellant Miller [MIO 16-17, 19], dispute the imposition of their joint and several costs with CKC, we again point out that CKC presented its defense at trial in conjunction with the defenses of Appellants in defending against O'Brien's quiet title action to the property. [RP Vol.I/6414] To this end, we note also that the witnesses in both matters, as well as the exhibits, were substantially overlapping. [RP Vol.I/6414] Further, the issues between CKC and Appellants were overlapping in that their respective liens were competing in terms of priority and amount and that each of the parties asked questions during the other parties' case. [RP Vol.I/6576-77, 6582] Although the parties' claims to the property arose from different transactions [DS 6; MIO 17] and the dispute with CKC involved additional slander of title and prima facie tort claims and counterclaims [DS 7-8; MIO 18], O'Brien's action to cancel the liens involved overlapping claims against the property. Given the unique circumstances of

this case, we can not conclude that the district court abused its discretion, and for this reason affirm the joint and several costs award.

In issue (3), Appellants continue argue that the district court had no authority to award costs because it had previously ruled that each party would be responsible for its own costs. [DS 14; MIO 20] As support for their argument, Appellants refer to proceedings in *O'Brien I*—specifically, the district court's May 13, 2010, decision of the court [RP Vol.25/5968, 6017—where the district court entered its findings and conclusions and provided that the parties shall bear their own costs. [DS 5; MIO 21] Contrary to Appellants' assertion otherwise [MIO 21], however, the district court's findings and conclusions—entered prior to the final judgment—were not a final, binding, or otherwise appealable decision by the district court. *See Curbello v. Vaughn*, 76 N.M. 687, 687, 417 P.2d 881, 882 (1966) (stating that where the district court had entered findings and conclusions but had not entered an order or judgment carrying out the findings and conclusions, no final order had been entered in the case for purposes of appeal). In this regard, the decision contained only findings and conclusions and lacked decretal language. Until entry of a final judgment, the district court judge was not precluded from changing his mind [MIO 23], as he did, and concluding that O'Brien was entitled to an award of costs as the prevailing party. *See State v. Diaz*, 100 N.M. 524, 525, 673 P.2d 501, 502 (1983) (recognizing that while

a matter is pending before the district court, a district court may change its mind at any time prior to entry of the final ruling); *see also Levenson v. Haynes*, 1997-NMCA-020, ¶ 10, 123 N.M. 106, 934 P.2d 300 (providing that orders entered before a final judgment are interlocutory and as such the district court may revise or rescind such orders at any time before entry of final judgment). We again take notice of the proceedings from *O'Brien I* [RP Vol.26/6251], and refer to the district court's September 16, 2010, final judgment, which provides that "[t]he issue of costs based on Rule 1-068 [NMRA] Offers of Settlement shall be determined by separate motion and/or cost bill." [RP Vol.26/6248, 6251] Because the district court ultimately ruled in a final, binding decision that Appellants must pay costs [RP Vol.II/6747], any prior, non-binding conclusion was not determinative.

To conclude, for the reasons stated above, as well as those provided in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**