This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**EMIL MOTTOLA and SHARON MOTTOLA,**
**Plaintiffs-Appellants,**
**v.**
**MR. and MRS. LUIS MARTIN d/b/a, MIRASOL SOLAR ENERGY SYSTEMS,**
**Defendants-Appellees.**

Docket No. A-1-CA-36476
COURT OF APPEALS OF NEW MEXICO
May 24, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Sarah M. Singleton, District Judge

**COUNSEL**

Emil Mottola, Sharon Mottola, Santa Fe, NM Pro Se Appellants

Kalm Law Firm P.C., C. James Kalm, Albuquerque, NM for Appellees.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: JACQUELINE R. MEDINA, Judge MEGAN P. DUFFY, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiffs, filing pro se, appeal from the district court's order denying their Rule 1-060(B) NMRA motion. Unpersuaded that Plaintiffs' docketing statement addressed the appropriate district court rulings and established error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiffs have responded to our notice with a memorandum in opposition. Unpersuaded, we affirm.

**{2}** In our notice, we stated that Plaintiffs' docketing statement was vague and imprecise because Plaintiffs' arguments intertwined several matters that were already before this Court in their previous appeal, No. A-1-CA-34915, with new, some unpreserved, complaints. We explained that Plaintiffs' imprecision in their arguments was further complicated by their filing of successive post-judgment motions to reconsider in district court, one of which was pending while this Court was resolving the previous appeal. The district court's order denying Plaintiffs' third post-judgment motion—from which the present appeal arises—was entered over a year before we issued our memorandum opinion affirming on the merits in No. A-1-CA-34915, in which we reversed a portion of the district court's previous cost judgment. We explained that although the district court did not have the benefit of our memorandum opinion when it entered an order denying Plaintiffs' Rule 1-060(B) motion, the parties to the current appeal were aware of our previous opinion and nevertheless failed in their motions to this Court to adequately address the effect of our memorandum opinion on the issues resolved by the district court order of April 20, 2017. Plaintiffs' filings in this Court and in district court have been jumbled in both content and procedure, preventing orderly, substantive review.

**{3}** In an effort to clarify matters, our notice attempted to narrow the appeal to its proper proportions. We informed Plaintiffs that our previous opinion in A-1-CA-34915 is law of the case, binding on the district court and all subsequent appeals, and therefore any challenge to matters therein are not properly before us. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶¶ 21-27, 145 N.M. 769, 205 P.3d 816 (explaining the doctrine of law of the case). We further explained that the only matter properly before us is whether the district court abused its discretion by denying Plaintiffs' motion for relief from the cost judgment for the failure to sufficiently demonstrate the elements of fraud under Rule 1-060(B)(3) or a basis for finding exceptional circumstances under Rule 1-060(B)(6). [10 RP 2361-62]

**{4}** Plaintiffs' response to our notice evinces a mistaken belief that all issues that were not specifically or fully addressed in the previous appeal are now properly before us. [MIO 1-5] Their response also shows a belief that Plaintiffs have revived determined issues with arguments in opposition to our previous opinion and claims of fraud or misrepresentation that reach beyond the cost judgment. [MIO 2-18] These beliefs are not grounded in any authority and are inconsistent with our instructions. Plaintiffs' response again fails to supply this Court with a clear list of issues and a coherent and succinct statement of their arguments that were properly preserved in district court, rejected by the district court's motion for relief from the cost judgment, and not addressed in our previous opinion. We again review this appeal to the best of our ability and limit the appeal to those matters raised in the Rule 1-060(B) motion for relief from the cost judgment. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262 (stating that this Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments).

**{5}** First, Plaintiffs' arguments arising under the UCC and the UPA [MIO 11-17] involve matters conclusively resolved in Plaintiffs' previous appeal and were not the

subject of their motion for relief from the cost judgment. [9 RP 2232-47] These matters, therefore, are not properly before us.

{6}     Second, we now understand that Plaintiffs' references to the post-judgment statements of opposing counsel—that form the basis for Plaintiffs' claims of newly discovered evidence of fraud or misrepresentations under Rule 1-060(B)(2)—are taken mostly from Defendants' filings in this Court in the previous appeal and from Defendants' response to Plaintiffs' motion for relief from the cost judgment. [MIO 6-11] In district court, Plaintiffs argued that these statements warrant relief from the underlying judgment, but raised this argument in their reply to Defendants' response to Plaintiffs' motion for relief from the *cost judgment.* [9 RP 2289-2330] Plaintiffs' attempt to seek separate relief from a different judgment on new grounds in a reply brief did not appropriately present the matter and did not fairly invoke a ruling from the district court. *See, e.g.*, *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 2014-NMCA-106, ¶ 17, 336 P.3d 972 (concluding that the district court did not abuse its discretion in denying Rule 1-060(B) relief where an argument was made but the applicable principle for relief from judgment was not identified, holding that the relief sought was not properly presented to the district court and did not fairly invoke a ruling therefrom); *cf. Jacob v. Spurlin*, 1999-NMCA-049, ¶ 27, 127 N.M. 127, 978 P.2d 334 ("[T]he reply brief is not the place to raise new issues."). Indeed, the district court's order denying Plaintiffs' motion for relief from the cost judgment does not appear to recognize Plaintiffs' attempt to seek separate relief from a different judgment in their reply brief. [10 RP 2360-62] To the extent that the district court's order could be construed to have denied the new grounds for relief in its order, however, we are not persuaded that it abused its discretion in doing so, in light of the improper presentation of the new grounds for relief from a different judgment.

{7}     Additionally, we are not persuaded that Plaintiffs accurately characterized Defendants' statements. [MIO 6-11; RP 2289-2330] Plaintiffs overstate the significance of the statements, take statements out of context, distort much of their meaning, and ultimately do not adequately raise doubt about the fairness of the proceedings in district court to warrant relief under Rule 1-060(B)(2).

{8}     Third and lastly, we are not persuaded that Plaintiffs demonstrated the district court abused its discretion in denying relief from the cost judgment on grounds of fraud or misrepresentation under Rule 1-060(B)(3). [MIO 18-22] As stated in our notice, some of the costs awarded to Defendants were reversed by this Court in the previous appeal. Plaintiffs have not established entitlement to further relief as to these costs. To the extent that Plaintiffs complain about the lack of verification of the costs, this too was addressed in the previous appeal. Plaintiffs have not established new grounds for fraud in the lack of verification or any other adequate basis for not having raised those grounds in the first motion to reconsider in district court. [MIO 18-19] *See Rios v. Danuser Mach. Co.*, 1990-NMCA-031, ¶ 25, 110 N.M. 87, 792 P.2d 419 (explaining that repetitious post-judgment motions are not favored and requiring that a successive post-judgment motion under Rule 1-060(B) must be supported by a "justifiable reason for not raising those grounds in the first motion").

**{9}** To the extent that Plaintiffs challenge the district court's denial of relief from the cost judgment based on Defendants' allegedly intentional assertion of fraudulent charges, we are not persuaded. The district court rejected Plaintiffs' claim of fraud, apparently ruling that improper charges or dates for charges were either inadvertent or otherwise did not rise to the level of fraud. [9 RP 2281-83, 10 RP 2361] *See Unser v. Unser*, 1974-NMSC-063, ¶ 26, 86 N.M. 648, 526 P.2d 790 (holding that fraud and misrepresentation under Rule 1-060(B)(3) must be shown with the same elements and specificity as any ordinary action for fraud, requiring "a misrepresentation of a fact, known to be untrue by the maker, and made with an intent to deceive and to induce the other party to act upon it with the other party relying upon it to his injury or detriment"). As we stated in our notice and in the previous appeal, it is the role of the district court to assess credibility and culpability, and the district court in this case had years of experience with the parties in course of this litigation and is afforded wide discretion in assessing costs. *See Varbel v. Sandia Auto Elec.*, 1999-NMCA-112, ¶ 17, 128 N.M. 7, 988 P.2d 317 ("It is generally for the fact finder to determine whether fraud was proved."); *Martinez v. Martinez*, 1997-NMCA-096, ¶ 20, 123 N.M. 816, 945 P.2d 1034 (observing that the district court has wide discretion in assessing costs based on the evidence and the equities). We are not persuaded that Plaintiffs' allegations of error in the cost bill or even their proven allegations of error establish a fraud within the meaning of Rule 1-060(B)(3) and demonstrate an abuse of the district court's discretion. Additionally, Plaintiff has not referred to, and we are not aware of, any authority that would afford them relief from the entire cost bill based on individual, erroneously charged costs.

**{10}** It also appears that some of Plaintiffs' allegations of fraud are based on Defendants' actions on appeal, when Defendants reasserted the entire cost bill and requested the costs to be doubled. [MIO 20-21] Plaintiffs do not refer us to any authority that would afford them relief from the district court's cost bill based on appellate court arguments, and we are not persuaded that such allegations can form the basis for relief from a cost judgment in district court. *See Chapel v. Nevitt*, 2009-NMCA-017, ¶ 53, 145 N.M. 674, 203 P.3d 889 (explaining that an appellant may not raise issues in an appeal that were not raised by the pleadings in district court and not resolved by the orders for which appellate review is sought).

**{11}** For the reasons stated in our notice and in this opinion, we affirm the district court's order denying Plaintiffs' motion for relief from the cost judgment.

**{12}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**