1999-NMCA-076

982 P.2d 488

**TRES LADRONES, INC., a New Mexico corporation, Plaintiff–Appellant and Cross–Appellee,**

v.

**Thomas G. FITCH and Albert Zimmerly, Defendants–Appellees and Cross–Appellants,**

**and**

**First National Bank of Belen, now Norwest Bank Belen, N.A., Defendant–Cross–Appellee.**

**No. 19,444.**

Court of Appeals of New Mexico.

March 31, 1999.

Certiorari Denied, Nos. 25,748 and 25,750, June 4, 1999.

---

Don Klein, Jr., Socorro, for Appellant.

John R. Gerbracht, Socorro, for Appellee & Cross–Appellant Albert Zimmerly.

Thomas G. Fitch, Socorro, Pro se Appellee & Cross–Appellant.

Norman McDonald, Belen, for Cross–Appellee First National Bank of Belen, now Norwest Bank Belen, N.A.

## OPINION

**DONNELLY, Judge.**

{1}   Plaintiff Tres Ladrones, Inc., and Defendants Albert Zimmerly and Thomas G. Fitch each pursue appeals from a decree entered in a quiet title action. Plaintiff raises eight issues on appeal, which we consolidate and discuss as follows: (1) whether the judgment quieting title in Zimmerly and Fitch was final, (2) whether alleged errors of the trial court require reversal, and (3) whether the trial court erred in determining that Fitch's mortgage was the first and only lien against the subject property. The cross appeal of Zimmerly and Fitch asserts that the trial court erred in ruling that the decree quieting title was subject to the further determination of the lien rights of other parties. We affirm in part and reverse in part.

## FACTS AND PROCEDURAL POSTURE

{2}   Plaintiff filed suit to quiet title to a number of tracts of land located in Socorro County, New Mexico, on April 28, 1994. Plaintiff's complaint named as defendants various individuals that it claimed had asserted adverse claims to the realty in question. Defendant First National Bank of Belen, now Norwest Bank Belen, N.A. (the Bank), filed an entry of appearance but failed to file an answer. In addition to the answers filed by Zimmerly and Fitch, answers contesting Plaintiff's claims were filed by Defendants Karen A. Abraham, Larry P. Abraham, and Sandra K. Dhieux; Sears, Roebuck and Company (Sears); Joe C. Olguin; and the Taxation and Revenue Department of the State of New Mexico. The Taxation and Revenue Department also filed a counterclaim and a cross-claim asserting a tax lien against certain of the realty involved in the quiet title action. Sears filed a cross-claim against "Plaintiff, and against all other Defendants" in the action.

{3}   Plaintiff responded to Sears's counterclaim and denied that the lien asserted by Sears applied to the subject property. Neither Plaintiff nor any of the Defendants filed a response to the Taxation and Revenue Department's counterclaim and cross-claim that asserted a judgment lien against the property involved in this lawsuit. The Abra-

hams and Dhieux subsequently filed disclaimers to any of the property involved in this action.

{4} Trial was set for September 5, 1996, and notice of trial was served by the trial court upon counsel for Plaintiff, and Defendants Zimmerly, Fitch, Sears, the Taxation and Revenue Department, the Bank, and Olguin. On September 5, 1996, Plaintiff, Zimmerly, Fitch, and the Bank appeared. No other party appeared at the hearing. At the trial, Plaintiff acknowledged Olguin's superior title in the property occupied by Olguin and stated that it did not seek to quiet title to that portion of the property in question.

{5} At the commencement of trial, the Bank asserted that it had a judgment lien against Zimmerly. The trial court asked counsel for Zimmerly about the asserted lien. Zimmerly's counsel responded: "I don't believe that I am really prepared to say much about the judgment. It is of record. Apparently it indicates it was recorded in Socorro County in 1991, so it speaks for itself." The trial judge stated that "if that is the case, [the Bank] may be excused." Counsel for the Bank requested "that whatever gets decided here that it be circulated to me." The trial judge responded "certainly." The trial then continued. At the conclusion of the one-day bench trial, the trial court took the matter under advisement. Plaintiff, Zimmerly, and Fitch each filed requested findings of fact and conclusions of law. For reasons which are unexplained in the record, the trial court entered its findings of fact and conclusions of law on February 17, 1998, over one year and five months following the trial.

{6} The trial court's decision recited, *inter alia*, that:

2. Defendant Fitch is the holder of a real estate mortgage recorded in book 436, pages 1012–1015, of the records of the Socorro County Clerk on the real estate described in Plaintiff's Complaint.

3. The real estate mortgage held by Defendant Fitch is a first lien on the real estate described in the Complaint.

4. By a contract dated September 6, 1969 Albert Zimmerly did agree with one G.A. Chumbley and Yvonne Chumbley to purchase the real estate described in Plaintiff's Complaint from [the] Chumbleys.

5. That [the] real estate contract was placed in escrow with Southwest Escrow Company....

. . . .

7. That on or about December 19, 1990 the real estate contract between Chumbley and Zimmerly was paid in full....

. . . .

9. That County Abstract and Title Company and Patricia V. Woods did not deliver the Deeds [held in escrow] to Zimmerly.

. . . .

13. That Plaintiff has failed to prove possession, good faith, or the payment of an adequate consideration as required elements of [its] action to quite [sic] title.

14. That Zimmerly has proved that absent the improper actions of Chumbley and County Abstract and Title Company he would have received ... the deeds from escrow transferring to him the real estate described in the Complaint.

{7} Counsel were unable to agree on the form of the judgment to be entered, and a hearing on the form of the judgment was scheduled for April 16, 1998. At the hearing, counsel for Zimmerly presented a form of judgment approved by Zimmerly and Fitch. No other form of judgment was presented for consideration. Counsel for the Bank appeared at the hearing and objected to the form of judgment because it did not recognize the judgment lien placed of record by his client.

{8} After hearing argument, the trial court entered a quiet title judgment on April 20, 1998, providing, in pertinent part:

1. That Albert Zimmerly, Defendant, is the owner in fee simple and in possession of the real estate described in Exhibit "A" attached hereto free from any claim by Plaintiff or anyone claiming by, through or under them; and that said Plaintiff and everyone claiming by, through or under it be and hereby are barred and forever estopped from having or claiming a lien upon or any right, title or interest in or to said

real estate adverse to the estate of Defendant Albert Zimmerly.

2. That the title of Albert Zimmerly in fee simple in and to said real estate hereby is forever quieted and set at rest subject only to the interest of Defendant Thomas G. Fitch hereinafter decreed.

3. That Defendant Thomas G. Fitch holds a first lien on the real estate described by virtue of a certain real estate mortgage recorded in the office of the Clerk of Socorro County, New Mexico, at Book 436, Pages 1012–1015.

4. That the escrowed deeds from Chumbley to Zimmerly ... are Ordered [to be] delivered to Zimmerly forthwith.

5. That Plaintiff's **Complaint** is dismissed with prejudice.

In addition to the above language, the trial judge interlinated a handwritten addendum to the judgment stating that the judgment was "[s]ubject to determination of lien rights." Plaintiff, Zimmerly, and Fitch have timely filed cross appeals herein.

## DISCUSSION

### Finality of Judgment

■ {9} We first address the threshold issue raised by Plaintiff asserting that the judgment entered by the trial court on April 20, 1998, is not final and appealable. Plaintiff contends that the order contemplates further proceedings among lien claimants, and thus is not final.

{10} Rule 1–054(C)(2) NMRA1999 provides:

**Judgment upon multiple claims or involving multiple parties.**

. . . .

(2) When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment. If such provision is made, then the judgment shall not terminate the action as to such party and shall be subject to revision at any time before the entry of judgment adjudicating all claims and the rights and liabilities of all the parties.

In actions involving multiple parties, Rule 1–054(C)(2) authorizes the entry of a judgment adjudicating all issues of law and fact necessary to be determined as to one or more of the parties, but fewer than all the parties. *See Seaboard Fire & Marine Ins. Co. v. Kurth,* 96 N.M. 631, 633, 633 P.2d 1229, 1231 (Ct.App.1980); *see also Stotlar v. Hester,* 92 N.M. 26, 27, 582 P.2d 403, 404 (Ct.App.1978). The record discloses that there are no remaining claims to be tried between Plaintiff and Zimmerly and Fitch. *See Stotlar,* 92 N.M. at 27, 582 P.2d at 404. Moreover, a determination of lien rights of other defendants involving the subject property will not affect the respective claims between Plaintiff and Zimmerly. Accordingly, we conclude that the judgment was a final appealable order as to the existing issues between Plaintiff and Cross–Appellants Zimmerly and Fitch.

### Scope of the Judgment

■ {11} Plaintiff also asserts that the trial court erred in granting Zimmerly and Fitch relief that they did not request. Although we agree with Plaintiff that the judgment granted relief beyond that sought in the pleadings filed by Zimmerly and Fitch, this fact does not aid Plaintiff here.

{12} Zimmerly's answer stated that he asserted a "claim adverse to Plaintiff" and that he expressly contested Plaintiff's ownership of the real estate in question. Zimmerly's answer contained a prayer for relief requesting that the trial court "award the Plaintiff no relief ..., dismiss said suit and allow him his costs in this action along with all other relief which may be just and proper." Zimmerly's answer did not contain a counterclaim seeking to quiet title in himself. Instead, Zimmerly's answer and strategy at trial was directed toward disproving the validity of Plaintiff's claim of title. Similarly, Fitch's answer alleged that he made "a claim ... adverse to the claim of Plaintiff," denied that Plaintiff was the owner of the property, and asserted several affirmative defenses. The answer filed by Fitch did not refer to a lien or mortgage held by him, nor did the answer contain an attachment of his mort-

gage, as required by Rule 1–009(I) NMRA1999.

{13} As a general rule, a party may not be granted affirmative relief outside the relief sought in his or her pleading. *See* Rule 1–015(B) NMRA1999; *see also Jackson v. Hartley,* 90 N.M. 428, 432, 564 P.2d 992, 996 (1977) (defendant in quiet title action has no right to decree vesting title in him where "[h]is pleadings did not request such relief"), *overruled on other grounds by Ortega, Snead, Dixon & Hanna v. Gennitti,* 93 N.M. 135, 597 P.2d 745 (1979); *Leonard Farms v. Carlsbad Riverside Terrace Apartments, Inc.,* 90 N.M. 34, 36, 559 P.2d 411, 413 (1977) ("A court may not grant judgment for relief which is neither requested by the pleadings nor within the theory on which the case was tried."); *Federal Nat'l Mortgage Ass'n v. Rose Realty, Inc.,* 79 N.M. 281, 282, 442 P.2d 593, 594 (1968) (judgment may not grant relief which was not requested by pleadings). Similarly, as observed in 65 American Jurisprudence Second, *Quieting Title* § 76 (1972), "[i]nasmuch as [a] defendant, by means of an answer, can have no other relief, generally, than to be dismissed from the suit, he must resort to [an appropriate claim] in order to secure affirmative relief...."

{14} Plaintiff correctly notes that the trial court erred in quieting title in Zimmerly and adjudicating the priority of Fitch's lien over that of other lien claimants. Nevertheless, the trial court could properly determine that Zimmerly held superior title to the property in question to that asserted by Plaintiff, thereby justifying its dismissal of Plaintiff's complaint. *See Lopez v. Adams,* 116 N.M. 757, 760, 867 P.2d 427, 430 (Ct.App.1993) (a defendant need not file a counterclaim in order for the court to determine that defendant has superior title to that of plaintiff for tract in question).

*Claimed Errors of Law*

{15} Plaintiff argues that the trial court erred in considering certain equitable defenses or claims which Zimmerly did not plead, and that the court failed to find that the statute of limitations barred Zimmerly's equitable claims. Plaintiff, however, not Zimmerly, bore the burden of proving that its title was superior to the property described in the complaint. *See Martinez v. Martinez,* 1997–NMCA–096, ¶ 12, 123 N.M. 816, 945 P.2d 1034. Under the oft-stated and familiar rule, it is clear that "[a] party seeking to quiet title to realty must recover upon the strength of his or her own title and not on the claimed weakness of his adversary." *Id.* ¶ 12. *See generally* 2 Rufford G. Patton & Carroll G. Patton, *Patton on Land Titles* § 538, at 424 (2d ed.1957). The trial court specifically found "[t]hat Plaintiff has failed to prove possession, good faith, or the payment of ... adequate consideration as ... elements of [its] action...." Additionally, the trial court found "[t]hat Zimmerly has been in possession of the real estate since 1969." Although Plaintiff presented evidence which, if accepted by the trial court, would have supported a different result, the trial court's findings indicate it found that Plaintiff had failed to satisfy its burden of proof. *See Roybal v. Morris,* 100 N.M. 305, 311, 669 P.2d 1100, 1106 (Ct.App.1983) (the test to be applied on appeal is whether or not there is substantial evidence to support the trial court's findings, not whether there is evidence to support an alternative result). "It is for the fact finder ... to determine whether the proof requirement had been met...." *Estate of Fletcher v. Jackson,* 94 N.M. 572, 575, 613 P.2d 714, 717 (Ct.App.1980).

{16} Next, Plaintiff asserts that the trial court erred in disregarding evidence presented by it indicating that Zimmerly transferred his interest in the disputed property to Plaintiff. In reviewing a party's claim of insufficiency of the evidence, we consider the evidence of record in a light most favorable to the prevailing party below, exercise all reasonable inferences in favor of the trial court's decision, and ignore all evidence and testimony to the contrary. *See Martinez,* 1997–NMCA–096, ¶ 10, 123 N.M. 816, 945 P.2d 1034. The critical issue then becomes whether there is evidence to support the trial court's decision. At the trial, there was testimony that the $10,000 Plaintiff asserts it paid for the property was actually paid by Plaintiff's predecessor to Zimmerly in order to satisfy an ancillary contract between Zimmerly and a third person. Zim-

merly testified that he sold a piece of the subject property to a third person by contract. The amount owing on the ancillary contract was sufficient to pay off Zimmerly's contract with the original sellers of the property. Where there is conflicting evidence, the trial court, as fact finder, resolves all disparities in the testimony and determines the weight and credibility to be accorded to the witnesses. *See Sanders v. Rosenberg*, 1997–NMSC–002, ¶¶ 6, 11, 122 N.M. 692, 930 P.2d 1144. Under these circumstances, we conclude that the trial court could reasonably determine that there was a lack of consideration paid by Plaintiff for the real estate. Additionally, based on the trial court's finding that the contract between Zimmerly and the original sellers was paid in full from the proceeds of the ancillary contract, the trial court could properly find that Plaintiff was not entitled to restitution of the $10,000 because it never filed a claim seeking restitution as a remedy. *See* Rule 1–008(A)(3) NMRA1999; *cf. Leonard Farms*, 90 N.M. at 36, 559 P.2d at 413 (plaintiff not entitled to amount of first mortgage payment where plaintiff only requested that land be sold and proceeds credited to amounts owing to plaintiff).

■ {17} Plaintiff also contends that no evidence supports the trial court's finding of a breach of a fiduciary relationship. Findings Nos. 8 and 9 adopted by the trial court, however, found that the escrow company received payment of $10,000, that it gave the title company the deeds from the original owner to Zimmerly to be delivered to Zimmerly, and that the title company failed to deliver the deeds to Zimmerly. The trial court found that the abstract company, "in violation of its fiduciary duty to Zimmerly, ... procure[d] from the contract sellers ... duplicate Deeds to the same real estate which Deeds transferred and deeded the real estate to County Abstract and Title Company." The trial court also found that County Abstract and Title Company was owned and controlled by the Woods family, and that "through a series of transactions involving an accommodation party and certain other corporations ... owned and controlled by the Woods family ... transfer[red] the real estate title to ... Tres Ladrones, Inc., a corporation also owned and controlled by the

Woods family." Plaintiff has not specifically challenged these findings. *See Lopez v. New Mexico Dep't of Taxation & Revenue*, 1997–NMCA–115, ¶ 5, 124 N.M. 270, 949 P.2d 284 ("Unchallenged findings of fact are binding on appeal."); *Maloof v. San Juan County Valuation Protests Bd.*, 114 N.M. 755, 759, 845 P.2d 849, 853 (Ct.App.1992) (absent proper attack on trial court's findings of fact, appellant is bound by such findings). Rule 12–213(A)(4) NMRA1999 provides in applicable part that a party's brief

> must set forth a specific attack on any finding, or such finding shall be deemed conclusive[, and] [a] contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument has identified with particularity the fact or facts which are not supported by substantial evidence[.]

Plaintiff's failure to comply with this rule precludes its attack upon the sufficiency of the evidence. *See Lopez*, 1997–NMCA–115, ¶ 5, 124 N.M. 270, 949 P.2d 284.

■ {18} Plaintiff also asserts that the trial court erred in considering Zimmerly's testimony concerning the value of real estate involved in the quiet title action. We think this challenge, too, must fail. This Court has recognized that an owner is competent to testify as to the value of his own land. *See City of Albuquerque v. Ackerman*, 82 N.M. 360, 362, 482 P.2d 63, 65 (1971) (an owner is presumed to possess special knowledge by reason of his ownership); *see also State ex rel. State Highway Comm'n v. Chavez*, 80 N.M. 394, 396, 456 P.2d 868, 870 (1969) (same). The trial court found that Zimmerly agreed to purchase the real estate in 1969 and that he has been in possession of such property since that time. This evidence supports the trial court's findings upholding Zimmerly's superior title to the property claimed by Plaintiff.

■ {19} Finally, Plaintiff asserts that Zimmerly's claims to the realty were barred by the statute of limitations. Plaintiff argues that the four-year statute of limitations in NMSA 1978, § 37–1–4 (1880), precludes any claim of title by Zimmerly to the property in

question, and that Zimmerly did not possess any instrument investing him with color of title. We deem this contention, however, to be controlled by our Supreme Court's decision in *Garcia v. Garcia*, 111 N.M. 581, 808 P.2d 31 (1991). The Court in *Garcia* observed:

> [E]ntitlement to such a decree [quieting title] was not dependent on [his] entitlement to delivery of a deed to the property....
>
> We have already adopted the rule in this state that an equitable owner in possession, whose possession is undisturbed, does not have to sue to convert his or her equitable title into legal title. *Wooley v. Shell Petroleum Corp.*, 39 N.M. 256, 268, 45 P.2d 927, 934 (1935) .... Unless the equitable owner's claim is barred by NMSA 1978, Sections 37–1–21 or –22 (Repl.Pamp.1990) (our statutes on adverse possession), we hold that a contract vendee's claim of title, where the vendee has fully performed and whether or not he or she is in possession, is not cut off by the running of a statute of limitations.

*Id.* at 588, 808 P.2d at 38.

{20} Here, the trial court found "[t]hat Zimmerly has been in possession of the real estate since 1969" and that "absent the improper actions of Chumbley and County Abstract and Title Company he would have received on or about December 19, 1990 the deeds from the escrow transferring to him the real estate described in the **Complaint**." Under the circumstances shown here, the trial court could properly determine that Zimmerly possessed a superior claim to the property in question to that asserted by Plaintiff.

### The Cross Appeal

{21} Zimmerly and Fitch argue in their cross appeal that the trial court erred in adding paragraph seven to the quiet title judgment. We find this argument unpersuasive. The handwritten paragraph added by the trial court stated that the judgment was "[s]ubject to determination of lien rights." We think this language clearly indicated the trial court's intent to separately consider the validity and priority of other lien claimants

who had been joined as parties hereto. As disclosed by the record, four defendants asserted liens or claims against the subject property. Specifically, Sears, the State Taxation and Revenue Department, the Bank, and Fitch asserted that they had valid claims against the property.

{22} Plaintiff points out that, at the hearing, it objected to any inclusion in the judgment of a provision declaring that Fitch's mortgage was a first lien against the property. Plaintiff also submitted a requested finding of fact which provided in part that "[n]o defendant claimed as against any other defendant, as to judgment liens existing and outstanding at all times for lands of Albert Zimmerly ... and neither Zimmerly nor Fitch made claims as to non-attachment of [such] liens."

{23} In considering this issue, we review the posture of the case in light of the specific action of Plaintiff and the four lien claimants who entered their appearances herein, mindful of the discretion of the trial court as to whether or not to grant default judgments, and of the general policy that default judgments are not favored. *See Sears v. Board of Trustees*, 83 N.M. 372, 376, 492 P.2d 643, 647 (1971).

{24} Sears filed an answer and counterclaim against "Plaintiff, and against all other Defendants, in this action" and attached a transcript of judgment indicating that it had recorded a judgment against Albert and Mary Zimmerly on March 27, 1992, in the amount of $4,735.36. Plaintiff responded to Sears' counterclaim and denied that Sears' claim constituted a valid encumbrance against the land. However, Zimmerly and Fitch did not file an answer to Sears' counterclaim. This failure precludes Zimmerly or Fitch from challenging the trial court's reservation in the judgment of the right to determine the validity of Sears' outstanding lien rights against the subject property. *See* Rule 1–008(D) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); *cf. Slemmons v. Massie*, 102 N.M. 33, 35, 690 P.2d 1027, 1029

(1984) ("Facts admitted in a pleading by an adverse party do not need to be proven.").

{25} Plaintiff asserts that Fitch did not move or introduce a copy of his mortgage into evidence. Fitch has not responded to this argument in his briefs filed on appeal. We find this silence significant. Plaintiff also argues that because the trial court reserved jurisdiction to adjudicate the interests of the other lien claimants, the court erred in finding that Fitch's mortgage was a first lien against the subject property. We agree. In light of the fact that the trial court reserved jurisdiction to determine the rights of the various lien claimants, we conclude that the trial court erred in ruling that Fitch's lien was superior to that of other lien claimants, absent any showing that Fitch's lien was a prior outstanding lien against the property paramount to that asserted by any of the other lien claimants. *See Page & Wirtz Constr. Co. v. C & G Prestressed Concrete, Inc.,* 108 N.M. 375, 376, 772 P.2d 1298, 1299 (1989) (remanding cause back to trial court for determination of the priority of liens on subject property).

{26} The record also reflects that the Taxation and Revenue Department filed an answer, counterclaim, and cross-claim to Plaintiff's claim. Neither Plaintiff nor any of the Defendants filed an answer in response to its counterclaim or cross-claim. The Taxation and Revenue Department did not appear at the hearing; however, at the trial, Plaintiff acknowledged that the property was subject to a lien of the Taxation and Revenue Department. Neither Zimmerly nor Fitch presented any evidence indicating the invalidity of such lien. Moreover, Rule 1–055(E) NMRA1999 provides that "[n]o judgment by default shall be entered against the state or an officer or agency thereof ... unless the claimant establishes his [or her] claim or right to relief by evidence satisfactory to the court." *See Caristo v. Sullivan,* 112 N.M. 623, 629–30, 818 P.2d 401, 407–08 (1991). Thus, we conclude that the trial court properly reserved jurisdiction to rule on the amount and priority of the Taxation and Revenue Department's lien.

{27} The Bank entered an appearance, but did not file an answer, counterclaim or cross-claim. Counsel for the Bank, however, appeared at trial. Zimmerly and Fitch argue that the Bank intentionally waived its right to present evidence and absented itself from trial, and, thus, it cannot now be heard concerning its lien claim. The record, however, indicates that the trial court expressly excused counsel for the Bank from attending this stage of the proceedings. The Bank also appeared at the hearing to settle the form of judgment and objected to the entry of a judgment which failed to adjudicate the validity of its lien. The Bank's lien claim was placed of record and no evidence was introduced challenging its validity. Moreover, no party has moved for a default against the Bank. *See* Rule 1–055. Under these circumstances, we cannot say that the trial court erred in reserving jurisdiction to specifically determine the status of the lien asserted by the Bank. *Cf. Rogers v. Lyle Adjustment Co.,* 70 N.M. 209, 213, 372 P.2d 797, 800 (1962) (recognizing that attorney for party may, in the discretion of the court, be excused from attending hearing).

*CONCLUSION*

{28} Subject to the matters set forth herein, the trial court's judgment denying Plaintiff's petition to quiet title is affirmed. Because we conclude that the trial court properly reserved jurisdiction to .adjudicate the validity and priority of certain lien claimants, the cross appeal is without merit and the cause is remanded for further proceedings consistent with this opinion. The parties shall each bear their own costs on appeal.

{29} IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.