This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**AGREPINA LUCERO, RONALD O. LUCERO, and SARAH E. LUCERO,**

Plaintiffs-Appellants,

v.                                                          **NO. A-1-CA-34995**

**MICHAEL H. TACHIAS, ROWENA E. TACHIAS,**

Defendants-Appellees,

and

**ERNESTO TACHIAS,**

Intervenor-Appellee,

and

**RESTIE SANDOVAL, ANNIE SANDOVAL, DANIEL LUCERO, YOLANDA LUCERO, SANDOVAL COUNTY BOARD OF COUNTY COMMISSIONERS, and All Unknown Persons Who May Claim a Lien, Interest, or Title Adverse to the Plaintiffs,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Crowley & Gribble, P.C.

Clayton E. Crowley
Albuquerque, NM

for Appellants


Lakins Law Firm, P.C.
Charles N. Lakins
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     This case concerns a dispute over land near the Village of Cabezon in New Mexico between the Lucero and Tachias families. Agrepina Lucero, Roland O. Lucero, and Sarah E. Lucero (collectively, the Luceros) appeal from the district court's final judgment quieting title in favor of Michael H. Tachias, Rowena E. Tachias, and Ernesto Tachias (collectively, the Tachiases) to (1) "Small Holding Claim 664, Patent No. 358565, issued to Norberto Martinez in October 1913" (SHC 664) and "portion[s] of Lots 1 & 3 of Section 12, Township 16 North, Range 3 West, Patent No. 424632, issued to Charles W. Holman in July 1914" (Lots 1 and 3) (collectively, the disputed land); and (2) awarding the Tachiases nominal and punitive damages on certain of their counterclaims. The Luceros make three arguments on appeal: (1) insufficient evidence supports the district court's findings of fact and conclusions of law (a) quieting title to the disputed land in favor of the

Tachiases, (b) determining that the Luceros did not acquire an approximate 2.7-acre tract of Lot 3 (the Hovey Tract) through adverse possession, and (c) determining that the Tachiases' claim to SHC 664 extends south to the Rio Puerco; (2) the district court erred in adopting the Tachiases' requested findings of fact and conclusions of law verbatim; and (3) the jury's award of nominal and punitive damages should be vacated. We affirm. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

{2}    In a first amended complaint, the Luceros asserted (1) a quiet title claim as to SHC 664, Lot 1, and portions of Lot 3 including the Hovey Tract; and (2) an alternative claim for adverse possession of the Hovey Tract. The Tachiases responded that their title was superior to the disputed land and asserted counterclaims for slander of title, malicious abuse of process, trespass, interference with access, ejectment, establishment of easement, violation of court order, and damages. After a bench trial on the merits of the parties' claims and a jury trial on damages, findings of fact and conclusions of law and a final judgment were entered (1) quieting title to the disputed lands in favor of the Tachiases; (2) concluding that the Luceros failed to prove adverse possession of the Hovey Tract; and (3) awarding the Tachiases nominal and punitive damages on their

3

counterclaims for trespass, creating roads, placing building materials, demolishing two buildings and a barn, constructing a berm, removing fencing, and interfering with access to the Tachiases' property, as well as for violating a stipulated order entered between the parties concerning the disputed land. The damages awarded amounted to $57,509 with 100 percent attributable to Plaintiff Ronald Lucero. The district court further awarded the Tachiases costs and attorney fees. The Luceros appeal.

**DISCUSSION**

**I.      Sufficiency of the Evidence**

{3}     We review "the [district] court's findings of fact to determine if there is substantial evidence to support the determinations." *Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Sanchez v. Saylor*, 2000-NMCA-099, ¶ 12, 129 N.M. 742, 13 P.3d 960 (internal quotation marks and citation omitted). In reviewing a claim that the district court's findings of fact were not supported by substantial evidence, "the appellate court views the evidence in the light most favorable to the decision below, resolving all conflicts in the evidence in favor of that decision and disregarding evidence to the contrary." *Id.* (internal quotation marks and citation omitted). Findings of fact not challenged by the appellant are binding on appeal. *See In re Adoption of Doe*,

1982-NMCA-094, ¶ 22, 98 N.M. 340, 648 P.2d 798. In contrast, "we give no deference to the district court's conclusions of law." *Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109. "A district court's conclusions of law are reviewed de novo." *Luginbuhl v. City of Gallup*, 2013-NMCA-053, ¶ 6, 302 P.3d 751.

**A.      The Luceros' Claim to SHC 664, Lot 1 and Portions of Lot 3**

**{4}**      With respect to their quiet title claim to SHC 664, Lot 1, and portions of Lot 3, including the Hovey Tract, the Luceros assert that "[f]indings 37, 132, and 133 must be vacated due to a lack of substantial evidence to support the findings." The effect of these findings is that the Luceros failed to produce any evidence demonstrating that they hold clean and clear title to Lot 1 and the portions of Lot 3 of SHC 664 in dispute.

**{5}**      The Tachiases respond that the "Luceros fail to point to any evidence (or produce any exhibit supporting their argument) that gives reason to overturn the [district court's f]inding[s]" under this point. We agree and conclude that by failing to include the substance of the evidence bearing upon their challenge to the sufficiency of the evidence supporting findings 37, 132, and 133, they have waived this argument on appeal. *See* Rule 12-318(A)(3), (4) NMRA (providing that "[a] contention that a . . . finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of

5

the evidence bearing on the proposition[,]" and "the argument identifies with particularity the fact or facts that are not supported by substantial evidence); *Tres Ladrones, Inc. v. Fitch*, 1999-NMCA-076, ¶ 15, 127 N.M. 437, 982 P.2d 488 (stating that the plaintiff bears the burden of proving that its title was superior to the defendant's as to the property described in the quiet title complaint); *see also Montoya v. Medina*, 2009-NMCA-029, ¶ 5, 145 N.M. 690, 203 P.3d 905 ("In a suit to quiet title, the plaintiff must recover on the strength of the plaintiff's own title or not at all, and cannot rely on any weakness in a defendant's title.").

**B.  Location of the Southern Boundary of the Tachiases' Interest in SHC 664**

{6}     The Luceros further assert that the district court "erred in adopting the Tachias [f]indings and [c]onclusions with regard to the size and location" of the Tachiases' interest in SHC 664. Specifically, but without challenging any particular findings of the district court, the Luceros contend that "the Tachias Land is only 5 acres and terminates at the Section line between Sections 12 and 13[,]" and "that the reference to the Rio Puerco as the southern border of the property is a mistake which cannot overcome the limitation of the land to Section 12." We disagree.

{7}     The unchallenged finding of the district court is the following:

> On May 7, 1920, Norberto Martinez deeded a portion of his land to Rodolfo Tachias. The property was described as a tract of land "which consists of ninety yards of width and adjoined to the north by the

6

public road and by the piece of land of Pedro Garcia, to the east with the land of C.W. Holman and *to the south with the Rio Puerco* and to the west by the land of the seller No[rb]erto Martinez. And also by a piece of land where the houses of the buyer Rodolfo Tachias are situated.

(Emphasis added.) The Tachiases "are successors in title to the property deeded from Norberto Martinez to Rodolfo Tachias." The correct location of the southern boundary line of the Rodolfo Tachias land "is a projected line that runs from the southwest corner of the Tachias family historic home extending to the Rio Puerco, which parallels the still-existing fence running southwesterly from the 'barn' as these are shown on the June 2004 'Boundary Suevey Plat Lands of Michael Tachias[.]' " The size and location of the Tachiases' interest in SHC 664, as reflected in the district court's findings, is supported by substantial evidence.

**C.    Adverse Possession of the Hovey Tract**

{8}    The Luceros challenge the district court's findings 62 through 79 and conclusions 11 through 18. These findings and conclusions set forth the district court's factual and legal basis for determining that the Luceros failed to meet their burden to establish by clear and convincing evidence the elements of adverse possession. The Luceros cite evidence from trial that they assert satisfies each element of adverse possession.

{9}    The Tachaises respond that, although the Luceros cite "certain trial testimony" in support of their claim that they met their burden to prove the

7

elements of adverse possession by clear and convincing evidence, the Luceros nevertheless fail to demonstrate why "the evidence fails to support the [f]indings the [c]ourt did make." We agree.

{10}   " 'Adverse possession' is defined to be an actual and visible appropriation of land, commenced and continued under a color of title and claim of right inconsistent with and hostile to the claim of another[.]" NMSA 1978, § 37-1-22 (1973). Under New Mexico law, "[a] party claiming ownership of land by adverse possession must prove by clear and convincing evidence continuous adverse possession for ten years under color of title, in good faith, and payment of taxes on the property during these years." *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 21, 150 N.M. 428, 260 P.3d 414 (internal quotation marks and citation omitted). "[T]o constitute adverse possession the occupancy of one so claiming must be (1) actual; (2) visible; (3) exclusive; (4) hostile; and (5) continuous." *Merrifield v. Buckner*, 1937-NMSC-045, ¶ 12, 41 N.M. 442, 70 P.2d 896. "If any one of the elements necessary to establish title to land by adverse possession is missing, the claimant will not obtain title." *Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 21 (internal quotation marks and citation omitted).

{11}   Evidence was admitted that the Luceros never lived on the Hovey Tract, never prevented anyone else from using the Hovey Tract, and never constructed any buildings on the Hovey Tract. Further, the district court found that the Luceros

8

produced no evidence that title to the property they claim by adverse possession was either transferred to the Hovey family from any individual or from the Hoveys to the Atencio family who subsequently quitclaimed they Hovey Tract to the Luceros. *See Metzger v. Ellis*, 1959-NMSC-031, ¶ 14, 65 N.M. 347, 337 P.2d 609 (stating that a quitclaim deed convey only such title, if any, as the grantor had and conveys nothing if the grantor himself did not have title or interest in the property). Rather, unchallenged, the district court concluded that "[b]y virtue of chain of title of record, Ernesto Tachias is the successor in title to the portion of property patented to Charles Holman that was deeded to Alfredo Tachias in 1920." This evidence was sufficient, viewing the facts in the light most favorable to the decision below, for the district court to find and conclude that the Luceros failed to demonstrate that they exercised actual, visible, exclusive, and continuous possession of the Hovey Tract for the requisite ten-year statutory period. Accordingly, the district court's findings and conclusions that the Luceros failed to establish the elements of adverse possession with regard to the Hovey Tract are supported by substantial evidence.

**II.    The District Court's Findings of Fact and Conclusions of Law in General**

{12}    The Luceros assert that the district court adopted, verbatim, the Tachiases' proposed findings of fact and conclusions of law and that, as a result, this Court

should remand the case to the district court with instructions to enter its own findings.

{13} The Luceros' claim is factually and legally incorrect. Factually, as the Tachiases demonstrate in their brief, the district court did not adopt verbatim the Tachiases' proposed findings and conclusions. In fact, certain of the Luceros' findings were also adopted. Legally, a district court's verbatim adoption of a party's proposed findings of fact and conclusions of law is not, *per se*, reversible error. Rather, "a tribunal's adoption of findings proposed by a party, even a *verbatim* adoption, is not error so long as the findings are supported by substantial evidence." *Gila Res. Info. Project v. N.M. Water Quality Control Comm'n*, 2018-NMSC-025, ¶ 40, 417 P.3d 369. We concluded above that the findings of fact and conclusions concerning the Luceros' claims to title of the disputed land were supported by substantial evidence or waived. The district court did not commit reversible error in its adoption of findings of fact and conclusions of law. *See Rapid Temps, Inc. v. Lamon*, 2008-NMCA-122, ¶ 28, 144 N.M. 804, 192 P.3d 799 (determining that the district court's near verbatim adoption of a party's requested findings and conclusions was not reversible error in breach of covenant not to compete cause of action where the court's findings were supported by proper evidence in the record and the court rejected some of the prevailing party's

requested findings, indicating exercise of the district court's independent judgment).

### III. Damages

{14} The Luceros finally request, for the first time on appeal, that we vacate the jury's award of damages to the Tachiases. These damages stem from the Tachiases' counterclaims for trespass, violation of a court order, intentional interference with access, destruction of fences, and construction of a berm on the Tachiases' property. The Luceros argue that the damages should be vacated because (1) the district court erred in determining the Tachiases hold superior title to the Hovey Tract and that the boundary of the Tachiases' claim to SHC 664 extends south to the Rio Puerco; (2) the amount of punitive damages that the jury awarded to the Tachiases violates due process; and (3) the award of damages for construction of the berm was for a violation of a court order, and only the district court, itself, has power to make rulings for violations of a court order.

{15} The Luceros' first argument hinges on a favorable determination on the merits of their claims to the disputed land. Because we concluded above that the Luceros failed to establish title to the Hovey Tract and that the Tachiases' claim to SHC 664 extends south to the Rio Puerco, there is no basis for vacating the jury's award of damages under this point.

11

{16}     The Luceros' second argument is that, because the ratios between the nominal and punitive damages awarded to the Tachiases for the digging of trenches on the Hovey Tract, which interfered with the Tachiases' access to the land, and construction of the berm were 7,500:1 and 30,000:1, respectively, the jury's award of these damages violates due process "on its face" and was "therefore illegal." The Luceros rely on *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, 289 P.3d 1255, and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). The Luceros, however, did not bring the issue of the constitutionality of the punitive damages award to the attention of the district court in a post-trial motion or otherwise and, therefore, did not preserve the issue for appeal. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."); *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 35, 140 N.M. 478, 143 P.3d 717 (observing that the defendant's challenge to the constitutionality of award of punitive damages was preserved where the defendant filed a motion to amend the judgment to reduce the award); *Aken v. Plains Elec. Generation & Transmission Coop.*, 2002-NMSC-021, ¶ 9, 132 N.M. 401, 49 P.3d 662 (stating that raising the issue of the constitutionality of punitive damages in a post-trial motion for reconsideration is sufficient to preserve the issue on appeal); *see also Gore*, 517 U.S. at 565-67 (observing that the defendant's constitutional challenge to punitive damages award

12

was preserved by the defendant's post-trial motion to set aside the punitive damages award).

{17} The Luceros' third argument is that the award of damages for construction of the berm must be vacated because the district court "should not have allowed the jury to be the trier of fact on liability and damages associated with this claim in particular" because only the district court "had the power to make rulings with regard to a violation of a court order." The Luceros cite *State ex rel. Bliss v. Greenwood*, 1957-NMSC-071, ¶¶ 6, 19, 63 N.M. 156, 315 P.2d 223, and *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 447 (1911), for the proposition that "[t]here is no place for a jury determination" for violation of a court order "and there is certainly no precedent to support the procedure whereby a jury determines the 'fine' to be imposed for the contemptuous act." Even if we assume that the Luceros' argument is legally accurate, the argument is founded on a misunderstanding of the district court's findings and conclusions, as well as the jury's verdict. After the bench trial on the merits of the parties' claims, the district court concluded that "[t]he Tachias[es] are entitled to damages due to Plaintiff Ron Lucero having constructed a 1,392-foot long berm on their property" with the amount of damages to be "determined at a separate trial." Further, in a special verdict, the jury calculated the damages owed to the Tachiases for Ron Lucero's construction of the berm to be $30,001. These damages therefore did not, as the

13

Luceros assert, stem from violation of a court order; they were awarded solely on the basis of Ron Lucero's conduct. Accordingly, we reject the Luceros' argument.

**CONCLUSION**

{18}    The final judgment of the district court is affirmed.

{19}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**STEPHEN G. FRENCH, Judge**